**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5194-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JULIO E. MARTINEZ,

    Defendant-Appellant.

_____

Submitted May 6, 2019 – Decided July 17, 2019

Before Judges Sabatino and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-03-0736.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Julio E. Martinez appeals from the denial of his petition for post-conviction relief (PCR). Defendant pled guilty pursuant to a negotiated plea agreement to aggravated manslaughter for stabbing his former girlfriend to death. He was sentenced in accordance with the plea agreement to a prison term of twenty-eight years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(a). His homicide sentence was ordered to run concurrently with the sentence defendant was already serving for a drug conviction.

Defendant's PCR petition claims that he received ineffective assistance of counsel. Specifically, defendant contends that his trial attorney failed to investigate whether medication defendant claims to have been taking while incarcerated inhibited his ability to enter a knowing and voluntary guilty plea. We affirm substantially for the reasons set forth by the PCR judge in his thorough and well-reasoned oral decision denying relief without an evidentiary hearing.

## I.

Defendant was indicted for knowing-purposeful murder, felony murder, burglary, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, two counts of endangering the welfare of a child, and stalking. Those charges stemmed from a tragic domestic violence episode during which

defendant broke into his former girlfriend's apartment, fatally stabbed her with a knife, and fled the scene with the blade still in his victim's back. Before succumbing to her wounds, the victim managed to call 9-1-1 and told police what defendant had done.

Defendant's counsel negotiated a plea agreement in which the State agreed that in exchange for defendant's guilty plea to aggravated manslaughter, the State would dismiss the murder charge and all other counts of the indictment. The State also agreed that the sentence would run concurrently to the narcotics-conviction sentence defendant was already serving.

On September 8, 2014, defendant appeared before the Hon. John T. Kelley, J.S.C., to enter his guilty plea to the reduced charge of aggravated manslaughter. During the plea colloquy, the judge asked defendant, "[a]s you stand before me this afternoon, sir, are you under the influence of any drugs, alcohol, or any medicines that would affect your judgment?" Defendant, who was under oath, replied "[n]o, sir." The judge then asked, "[a]s you stand before me do you have a clear head and understand what you're doing?" Defendant replied, "[y]es sir."

Prior to sentencing, defendant was interviewed by court staff as part of the process of preparing the Adult Presentence Report (PSR). According to the

PSR, defendant "described his health as good and denied any physical or mental disorders." The PSR does not indicate that defendant was taking any medications.

On October 10, 2014, defendant was sentenced by Judge Kelley in accordance with the plea agreement. Defendant filed a direct appeal, only challenging his sentence. On June 1, 2015, an excessive sentence panel of this court granted defendant's request for a remand to consider the proper number of jail credits that should have been awarded, and the Judgment of Conviction was thereafter amended to reflect the correct number of credits. The sentence was otherwise left undisturbed.

Two years later, defendant filed a PCR petition contending that his trial counsel rendered ineffective assistance by failing to inquire about medications defendant claims he was taking at the time of his guilty plea. The PCR judge, who had previously accepted defendant's plea and sentenced him, denied defendant relief without an evidentiary hearing.

II.

Defendant appeals, arguing:

> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO INVESTIGATE DEFENDANT'S CLAIM THAT THE MEDICATION HE WAS BEING

A-5194-17T3

ADMINISTERED WHILE INCARCERATED INHIBITED HIS ABILITY TO ENTER INTO A KNOWING AND INTELLIGENT PLEA.

## III.

To show ineffective assistance of counsel, defendant must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), which was adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). "'First, the defendant must show that counsel's performance was deficient.'" Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. 687); see also State v. Tacetta, 200 N.J. 183, 193 (2009). "'Second, the defendant must show that the deficient performance prejudiced the defense.'" Ibid. When the claim of ineffective assistance relates to a guilty plea, a defendant must satisfy a modified Strickland standard:

> When a guilty plea is part of the equation, . . . 'a defendant must show that (i) counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases"; and (ii) "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."'
>
> [State v. Nuñez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (second alteration in original)).]

A-5194-17T3

Furthermore, to obtain relief under the second prong, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).

An evidentiary hearing for PCR is only required when the defendant has made a prima facie showing of entitlement to such relief by demonstrating "a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (citing State v. Preciose, 129 N.J. 451, 463 (1992)). A petitioner must establish the right to relief by a preponderance of the evidence. Preciose, 129 N.J. at 459.

Bald assertions of ineffective assistance are not enough. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A petitioner "must allege facts sufficient to demonstrate counsel's alleged substandard performance[,]" and the court must view the facts alleged in the light most favorable to the petitioner. Ibid. Of particular note for purposes of the case before us on this appeal, PCR petitions must be "accompanied by an affidavit or certification by the defendant, or by others, setting forth with particularity the facts that he wished to present." State v. Jones, 219 N.J. 298, 312 (2014).

A-5194-17T3

Guided by these principles, we find no merit to defendant's contentions and we affirm substantially for the reasons set forth by Judge Kelley in his oral decision. The PCR court correctly characterized defendant's claims as "bald" assertions because defendant provided no support for his claim that he was taking medications. Defendant's claims are belied by his sworn statement at the time of the plea colloquy that he was not taking any medications that might affect his judgment and by his acknowledgement that he had a "clear head" and understood what was happening during the plea hearing. His unsupported claim also flies in the face of the information he provided to probation staff as they were preparing the PSR.

Furthermore, the PCR court noted that defendant has failed to supply records from the Camden County Correctional Facility concerning any medications he was taking at the time of the guilty plea. Indeed, as the PCR court aptly noted, "[h]e has not specified the medications he purportedly took and has not identified how they would affect his judgment. He has not even set forth a medical condition, which would have required medication."

Finally, defendant has not presented any colorable argument that the decision to reject the plea agreement – which allowed him to avoid a mandatory thirty-year parole ineligibility term, if not a substantially longer life prison

sentence – would have been rational under the circumstances.  <u>Padilla</u>, 559 U.S. at 372.  As the judge who entered the plea, sentenced defendant, and heard the PCR petition noted, the State's evidence in this case is overwhelming.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5194-17T3